1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN NORET, *et al*.<br><br>          Plaintiffs,<br><br>          v.<br><br>DEPARTMENT OF THE TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>          Defendants. | 1:11-cv-1690 LJO MJS<br><br>ORDER ON DEFENDANTS' MOTION<br>TO DISMISS COMPLAINT (DOC. 9) |

I. INTRODUCTION.

Stephen and Rita Kay Noret ("Plaintiffs") bring this complaint in pro persona against the Internal Revenue Service ("IRS") and the Department of Treasury (the "Government"), claiming the IRS wrongfully denied Plaintiffs a refund based on Stephen Noret's Uniformed Service Retirement Pay between 1998 – 2003. The Government moves to dismiss, asserting that (1) the United States has not waived sovereign immunity for this suit, (2) the Complaint has not been properly served on the United States, and (3) the Complaint does not state a claim upon which relief requested can be granted. Plaintiffs did not file an opposition.

II. LEGAL AND FACTUAL BACKGROUND.

The Complaint concerns Mr. Noret's claims for income tax refunds for years 1998, 1999, 2000, 2001, 2002, and 2003 based on a retroactive adjustment to the Plaintiff's retirement and disability pay. The Complaint states that in May 2008, the Department of Veteran Affairs made a

1

**1**

**2**

disability determination which made part of Mr. Noret's Uniformed Service Retirement Pay non-

taxable. Compl. at 1:22-23, ECF No. 1.

**3**

**4**

On the basis of this determination, on August 24, 2009, Mr. Noret filed a claim with the

IRS seeking a refund of $261 for tax year 2003. *Id*. at 4. On May 5, 2010, Mr. Noret filed refund

**5**

**6**

claims for the following years and amounts: 1998 ($75), 1999 ($854), 2000 ($323), 2001

($341.68), and 2002 ($300). *Id*. at 5. The IRS denied the refund claim for 2003 on October 8,

**7**

**8**

2009, and denied the refund claims for the other years on August 19, 2010. *Id*. at 3.

**9**

On October 7, 2011, Plaintiffs filed this Complaint, alleging that the Government "caused

**10**

[Plaintiffs] financial harm. . . by disallowing submitted 1040X amended tax claims for tax years

**11**

of 1998, 1999, 2000, 2001, 2002, and 2003" *Id*. at 1:17-19. Plaintiffs seek monetary relief of

**12**

**13**

"$5000.00 for each tax year that was unjustly denied " or other relief that the Court deems fair,

just, and equitable. *Id*. at 2:13.

**14**

**15**

**16**

III. LEGAL STANDARD.

**17**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the

**18**

legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In deciding

**19**

whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint

**20**

as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.

**21**

*Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a

**22**

**23**

complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp.*

**24**

**25**

*v. Twombly*, 550 U.S. 544, 570 (2007)).

**26**

A claim has facial plausibility when the plaintiff pleads factual content that allows the

**27**

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

**28**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id.* (*citing Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of

factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

1986).  While the standard does not require detailed factual allegations, "it demands more than an

unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.").  A court need not permit an attempt to amend a complaint if "it determines that the

pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

*v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990).

In ruling upon a motion to dismiss, the court may consider only the complaint, any

exhibits thereto, and matters which may be judicially noticed pursuant to Fed. R. Evid. 201.  *See*

*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).


IV. DISCUSSION.

A.    Subject Matter Jurisdiction and Sovereign Immunity.

In order to bring an action against the United States, there must be: (1) statutory authority

vesting a district court with subject matter jurisdiction; and (2) a waiver of sovereign immunity.

*U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 923-924 (9th Cir. 2009); *see also Alvarado v.*

*Table Mountain Rancheria,* 509 F.3d 1008, 1016 (9th Cir. 2007). Even where a statute creates

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

subject matter jurisdiction over a case, that statute may not necessarily waive sovereign

immunity. *Park Place Associates*, 563 F.3d at 924 (*citing Arford v. U.S.,* 934 F.2d 229, 231

(1991) [holding that 28 U.S.C. § 1340 created subject matter jurisdiction, but "[did] not constitute

a waiver of sovereign immunity."]).  Waivers of sovereign immunity cannot be implied, must be

unequivocally expressed, and are to be strictly construed in favor of the sovereign. *Dunn & Black

P.S.v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007). The burden is on the party bringing the action

against the United States to establish both elements of subject matter jurisdiction; where it has

failed to do so, "dismissal of the action is required." *Id.*

The Complaint identifies no statutory authority which vests a district court with subject

matter jurisdiction and does not identify an express waiver of sovereign immunity. Accordingly,

the Government's motion to dismiss must be GRANTED.

The Government goes further to correctly explain that even construing this case as one

pursuant to the Internal Revenue Code ("I.R.C.") sections typically used as the basis for subject

matter jurisdiction, still no subject matter jurisdiction exits here. For example, I.R.C. § 7433

authorizes civil damages for certain unauthorized *collection* actions; however, a taxpayer may not

receive an award of damages under § 7433 if the only alleged basis for such a recovery is the

*improper assessment* of taxes. *See Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) ("In

regard to § 7433, the Fifth Circuit has recently held, 'based upon the plain language of the statute

[§ 7433]. . . a taxpayer cannot seek damages under § 7433 for improper assessment of

taxes.'[Citation omitted]. We agree."). Further, § 7433 limits recovery of damages to actual,

direct economic damages sustained by the plaintiff as a proximate result of the reckless or

intentional or negligent actions of the officer or employee. 26 U.S.C. § 7433(a).

According to the Complaint, this is an action for assessment of taxes; i.e., "disallowing

submitted 1040X amended tax claims," and not based on any collection actions taken by the IRS.

Compl. at 1:17-19.

Further, insofar as this is a suit for a refund pursuant to I.R.C. § 7422(a), the Complaint's

allegations are insufficient to meet subject matter jurisdiction. Section 7422(a) states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal
> revenue tax alleged to have been erroneously or illegally assessed or collected. . . or of
> any sum alleged to have been excessive or in any manner wrongfully collected, until a
> claim for refund or credit has been duly filed with the Secretary, according to the
> provisions of law in that regard, and the regulations of the Secretary established in
> pursuance thereof.

*Id.*

Regulation 26 C.F.R. § 301.6402–2(b)(1) lays out the requirements of a proper IRS refund

claim. A refund claim must "set forth in detail each ground upon which a credit or refund is

claimed and fact sufficient to apprise the Commissioner of the exact basis thereof." In addition,

the "statement of the grounds and fact must be verified by a written declaration that it is made

under the penalties of perjury." 26 C.F.R. § 301.6402–2(b)(1).

Plaintiffs must allege that Mr. Noret has exhausted his administrative remedies by

asserting that he filed a verified written declaration which set forth in detail each ground upon

which a credit or refund was claimed and facts sufficient to apprise the Commissioner of each of

these claims. Here, Plaintiffs do not allege or present documentation which demonstrates that Mr.

Noret complied with the requirements of § 301.6402–2(b)(1).[1]

Further, the claim appears to assert a kind of derivative claim for the alleged wrongful

disallowance, rather than a claim for a refund. Plaintiffs allege that the IRS caused them

"financial harm" by disallowing their 1040X amended tax claims and request $5,000 for each

denied claim. Plaintiffs do not appear to be requesting the refund amounts of the disallowed IRS

---

[1] Plaintiffs provide the IRS's rejection letters regarding Mr. Noret's claims, but the inquiry here does not
concern the IRS's rejection letters. The inquiry concerns whether Mr. Noret's IRS claim(s) complied with
26 C.F.R. § 301.6402–2(b)(1). The parties did not include Mr. Noret's IRS refund claim and Plaintiffs
have not alleged that their IRS refund claim complies.

1   claims; rather, they request compensation for some unspecified "financial harm" caused *as a*

2   *result* of the alleged erroneous denial of a refund. Accordingly, the Complaint does not conform

3
4   to § 7422(a) and the Court does not have subject matter jurisdiction under this section.

5   B.      Personal Jurisdiction – No Proper Service.

6           The Government contends the Complaint should also be dismissed because Plaintiffs

7   failed to properly serve the Government with process by not serving the United States Attorney

8   General.

9           Service of process on the Unites States is effectuated by:

10
11  (A) by delivering a copy of the summons and of the complaint to the United States
    attorney for the district in which the action is brought or to an assistant United States
12  attorney or clerical employee designated by the United States attorney in writing filed
    with the clerk of the court or by sending a copy of the summons and of the complaint by
13  registered or certified mail addressed to the civil process clerk at the office of the United
    States attorney and
14
15  (B) *by also sending a copy of the summons and of the complaint by registered or certified*
    *mail to the Attorney General of the United States at Washington, District of Columbia*,
16  and

17  (C) in any action attacking the validity of an order of an officer or agency of the United
    States not made a party, by also sending a copy of the summons and of the complaint by
18  registered or certified mail to the officer or agency.

19  Fed. R. Civ. Pro. 4(i)(1)(A)-(C) (emphasis added).

20          Rule 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process." If

21  service of process is not accomplished within 120 days of filing an action, the Court is

22  empowered to dismiss the action. *See* Fed. R. Civ. Pro. 4(m); *Reynolds v. United States*, 782 F.2d

23  837, 838 (9th Cir. 1986). According to the returns of service by mail, the United States Attorney

24  General was not served by registered or certified mail. ECF No. 7. Dismissal is also supported by

25
26  Plaintiffs' insufficient service of process.

27
28
                                                   **6**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.      No Cognizable Legal Claim. [2]

In evaluating a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Klarfield v. United States*, 944 F.2d 583, 585 (9th Cir. 1991). Only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief" is dismissal under Fed. R. Civ. P. 12(b)(6) proper. *Id.* (*quoting Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).

Here, the Complaint articulates no cognizable theory upon which recovery of $5,000 for each tax year in question can be based. The Complaint does not allege how IRS's disallowance of refund claims caused Plaintiffs financial harm or why they should recover $5,000 for each tax year, rather than the amount listed on their refund claim. The Complaint contains no legal theory that would support a claim for relief. Dismissal is further supported by the Complaint's failure to articulate a cognizable theory.

### V. CONCLUSION AND ORDER.

The Government's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

Plaintiffs must amend the Complaint to properly allege subject matter jurisdiction and waiver of sovereign immunity, conforming to the relevant law. Plaintiffs must also properly serve the United States according to Fed. R. Civ. Pro. 4(i)(A)(1). Finally, Plaintiffs must allege a cognizable legal claim upon which relief may be granted.

Plaintiffs must amend, file and serve a First Amended Complaint in compliance with this order no later than February 20, 2012. The Government must respond no later than March 6, 2012.

---

[2] Although the jurisdictional issues here are dispositive, the Court addresses the issue of failure to state a claim in order to effectuate the most efficient pleading process.

7

1    IT IS ORDERED.

2

3                                    Dated: February 1, 2012        Lawrence J. O'Neill

4
                                                          Lawrence J. O'Neill
5                                                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**8**