UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN NORET, *et al*.<br><br>      Plaintiffs,<br><br>      v.<br><br>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,<br><br>      Defendants. | 1:11-cv-1690 LJO MJS<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (DOC. 21) |

INTRODUCTION.

Defendant, the United States of America ("United States") moves to dismiss Plaintiffs' Amended Complaint ("FAC"). The United States asserts that the FAC should be dismissed because Plaintiffs' claims for refund are untimely. Plaintiffs' assert that an exception to the statute of limitations applies. The United States rejoins that the exception articulated in 26 U.S.C. (I.R.C.) § 6511(d)(8), which extends the time for veterans to file for a refund, does not apply. Consequently, the United States has not waived sovereign immunity for this suit, and the FAC does not state a claim.

LEGAL AND FACTUAL BACKGROUND.

This action concerns Plaintiffs' claims for income tax refunds for years 1998, 1999, 2000, 2001, 2002, and 2003 based on a retroactive adjustment to Mr. Noret's retirement and disability

pay. The FAC states that in May 2008, the Department of Veteran Affairs made a disability determination which made part of Mr. Noret's Uniformed Service Retirement Pay non-taxable. FAC ¶ 3.

On the basis of this determination, on August 24, 2009, Mr. Noret filed a claim with the IRS seeking a refund of $261 for tax year 2003. *Id*. at 4. On May 5, 2010, Mr. Noret filed refund claims for the following years and amounts: 1998 ($75), 1999 ($854), 2000 ($323), 2001 ($341.68), and 2002 ($300). *Id*. at 6. The IRS denied the refund claim for 2003 on October 8, 2009, and denied the refund claims for the other years on August 19, 2010. *Id*. at 4-8.

On October 7, 2011, Plaintiffs filed their Complaint. ECF. No. 1 The Complaint was dismissed with leave to amend on February 1, 2012. ECF No. 13. On February 7, 2012, Plaintiffs filed their FAC. ECF No. 16. The FAC requests that Plaintiffs' claims for refund for tax years 1998-2003 be allowed as timely under I.R.C. § 6511.

## LEGAL STANDARD.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (*citing Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While the standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Fed. R. Evid. 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

<u>DISCUSSION.</u>

<u>Jurisdiction and Sovereign Immunity.</u>

In order to bring an action against the United States, there must be: (1) statutory authority vesting a district court with subject matter jurisdiction; and (2) a waiver of sovereign immunity. *U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 923-924 (9th Cir. 2009); *see also Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Even where a statute creates subject matter jurisdiction over a case, that statute may not necessarily waive sovereign immunity. *Park Place Associates*, 563 F.3d at 924 (*citing Arford v. U.S.*, 934 F.2d 229, 231

(1991) [holding that 28 U.S.C. § 1340 created subject matter jurisdiction, but "[did] not constitute a waiver of sovereign immunity."]). Waivers of sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly construed in favor of the sovereign. *Dunn & Black P.S.v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007). The burden is on the party bringing the action against the United States to establish both elements of subject matter jurisdiction; where it has failed to do so, "dismissal of the action is required." *Id.*

There are two separate statute of limitations periods that determine whether this court has subject matter jurisdiction over Plaintiffs' claim: (1) how long after filing their initial return Plaintiffs had to file an administrative refund claim with the IRS, and, at issue here, (2) how long after the rejection of the administrative claim Plaintiffs had to file a complaint in federal court. *Parchan v. U.S.*, No. SACV 10–1225 JST, 2011 WL 1211504, * 3 (March 29, 2011 C.D. Cal. 2011). A taxpayer cannot bring a lawsuit seeking the recovery of any excessive federal tax paid until "a claim for refund or credit has been duly filed" with the IRS. *Id.* (*quoting* IRC § 7422(a)). Such claims are time-barred "three years from the time the return was filed, or two years from the time the tax was paid," whichever expires later. IRC § 6511(a).

Plaintiffs' claims are based on income tax returns from 1990 – 2003. Being more three years since the tax returns were filed and more than two years since the tax was paid, Plaintiffs' claims are time-barred. Plaintiffs argue, however, that their claims fall under the exception to the three-year rule introduced by the Heros Earnings Assistance and Relief Tax Act of 2008 (P.L. 10-245, §106(a)), which amended Section 6511(d) as follows:

(8) Special Rules When Uniformed Services Retired Pay is Reduced as a Result of Award of Disability Compensation.--

(A) Period of limitation on filing claim.--If the claim for credit or refund relates to an overpayment of tax imposed by subtitle A on account of--

(i) the reduction of uniformed services retired pay computed under section 1406 or 1407

of title 10, United States Code, or

(ii) the waiver of such pay under section 5305 of title 38 of such Code, as a result of an award of compensation under title 38 of such Code pursuant to a determination by the Secretary of Veterans Affairs, the 3-year period of limitation prescribed in subsection (a) shall be extended, for purposes of permitting a credit or refund based upon the amount of such reduction or waiver, until the end of the 1-year period beginning on the date of such determination.

(B) Limitation to 5 taxable years. -- Subparagraph (A) shall not apply with respect to any taxable year which began more than 5 years before the date of such determination.

Under subparagraph (A), the general rule three-year rule is modified, so that a veteran may file for a refund within one year after a Veteran Affairs ("VA") determination. However, under subparagraph (B), the one year extension does not apply if the taxable year begins five years before the date of the determination.

In this case, the VA determination was issued either in May 2008 (according to the Amended Complaint) or in May 2009 (according to the claim for refund submitted by Plaintiffs to the IRS). Tax year 2003, the latest tax year at issue, began on January 1, 2003, which is more than five years before May 2008 and more than five years before May 2009. In either case, Plaintiffs are seeking refunds for tax years which began more than five years prior to the date of the VA determination. Accordingly, the United States has not waived sovereign immunity and the Court lacks jurisdiction.

The Transition Rules for Section 6511(d)(8) Do Not Alter the Result

The Amended Complaint alleges that Plaintiffs are entitled to a refund because under the applicable transition rules "exempt [Plaintiffs' claim] from the 5 year limitation." FAC ¶ 3. This is not the case. The relevant transition rule provides:

In the case of a determination described in paragraph (8) of section 6511(d) of the Internal Revenue Code of 1986 (as added by this section) which is made by the Secretary of Veterans Affairs after December 31, 2000, and before the date of the enactment of this Act [June 17, 2008], such paragraph--

(1) shall not apply with respect to any taxable year which began before January 1, 2001, and

(2) shall be applied by substituting for 'the date of such determination' in subparagraph (A) thereof.

P.L. 110-245, Title I, § 106(c), June 17, 2008, 122 Stat. 1630

That is, in cases of determinations made after December 31, 2000 but before June 17, 2008, the period for filing a claim for a refund is extended until one year after the date of enactment, i.e. to June 17, 2009, rather than until one year after the date of determination. *See* "Extension of the Statute of Limitations To File Claims for Refund Relating to Disability Determinations by the Department of Veteran Affairs" Committee Print, Joint Committee on Taxation, March, 2009 (JCS-1-09) at 160.  However, the transition rule has no bearing on the five-year limitation articulated in subparagraph B of I.R.C. § 6511(d)(8); i.e., it does not remove the five-year limitation.

Accordingly, Plaintiffs' claim of refund for years 1998 – 2003 is untimely. There is no waiver of sovereign immunity and the Court lacks jurisdiction.

CONCLUSION

For the reasons set forth above, the United States' motion to dismiss Plaintiffs' Complaint is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**Dated:   April 18, 2012**                          **/s/ Lawrence J. O'Neill**
                                                                    **UNITED STATES DISTRICT JUDGE**